**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorilee Immel,             ) | No. CV-08-0509-PHX-LOA |
|                         )| |
| Plaintiff,             ) | **ORDER TO SHOW CAUSE** |
|                         ) | |
| vs.                         ) | |
|                         ) | |
| Hartford Life & Accident Insurance ) | |
| Company; Long-Term Disability Plan of ) | |
| Jones, Skelton & Hochuli, P.L.C.,) | |
|                         ) | |
| Defendant.             ) | |
|                         ) | |

      This matter arises on the Court's review of the file. Plaintiff commenced this action on or about March 14, 2008. (docket #1) On March 17, 2008, the Court issued a Notice of Assignment and Order, docket #4, ordering Plaintiff to file on or before April 4 2008 her written election to either consent to magistrate judge jurisdiction or elect to proceed before a United States district judge. As of today's date, the Plaintiff has failed to file her written election to either consent to magistrate judge jurisdiction or elect to proceed before a United States district judge.

      Dismissal of a complaint for failure to comply with the procedural rules of the court is within the court's discretion. *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2nd Cir. 1943); *Sergio Bautista et al. v. Los Angeles County*, 216 F.3rd 837 (9th Cir. 2000). Moreover, district courts have the inherent power to control their dockets and, in the exercise of that power, may impose sanctions including, where appropriate, dismissal of a case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). A dismissal for want of

1  prosecution under Rule 41(b) will stand unless it is an abuse of discretion. *Link v. Wabash R.R.*,
2  370 U.S. 626, 633 (1962); *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). Rule
3  41(b) specifically provides that the failure of the plaintiff to prosecute his or her claim is
4  grounds for involuntary dismissal of the action. *Anderson v. Air West, Inc.*, 542 F.2d at 524. The
5  courts have read this rule to require prosecution with "reasonable diligence" if a plaintiff is to
6  avoid dismissal. *Id*. (citing *Ballew v. Southern Pacific Co.*, 428 F.2d 787 (9th Cir. 1970)).

7  Because the period within which Plaintiff was to file her written consent or
8  election has passed, the Court orders Plaintiff to show cause in writing **on or before April 22,**
9  **2008** why her Complaint against Defendants Hartford Life & Accident Insurance Company;
10 Long-Term Disability Plan of Jones, Skelton & Hochuli, P.L.C., should not be dismissed for
11 failure to comply with court orders and failure to prosecute pursuant to Rule 41(b),
12 FED.R.CIV.P.  Plaintiff may discharge this OSC by complying with the Court's March 17, 2008
13 Order **on or before April 22, 2008**.

14 Accordingly,

15 **IT IS ORDERED** that Plaintiff show cause in writing **on or before April 22,**
16 **2008** why Plaintiff or her counsel should not be sanctioned for failing to timely comply with
17 court orders.  Plaintiff or her counsel may discharge this Order to Show Cause by either
18 consenting to magistrate judge jurisdiction or electing to have the case assigned to a district
19 judge before **April 22, 2008.**

20 DATED this 10th day of April, 2008.

_____
Lawrence O. Anderson
United States Magistrate Judge

- 2 -